### VOLKMANN v. DOHNHOFF.

(Circuit Court of Appeals, Second Circuit. January 7, 1897.)

PATENTS—INFRINGEMENT—VENDING MACHINES.

The Sielaff patent, No. 378,982, for a vending machine, being an apparatus for the sale and delivery of small articles, which is put in operation by the introduction of a coin of determinate size, construed, and *held* not infringed as to claims 1 and 3.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit in equity by John H. Volkmann against Hermann Dohnhoff for alleged infringement of a patent for a vending machine. The circuit court dismissed the bill, and the complainant has appealed.

Arthur v. Briesen, for appellant.
Rowland Cox and Wm. Lowell Putnam, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The bill in equity in this case was based upon the alleged infringement by the defendant of claims 1 and 3 of letters patent No. 378,982, dated March 6, 1888, and issued to Max Sielaff for a vending machine, which is an apparatus for the sale and delivery of small articles, and is put into operation by the introduction into the machine of a coin of determinate size. The machine of the patent belongs to that class of machines in which the coin becomes a part of the means which deliver the package to the purchaser, and the invention was the described means by which a coin of the determined diameter was alone permitted to put in motion the mechanism which transmitted the package. In the machine of the patent, the coin of the proper and determinate size is dropped into a slit formed in one, or partly in one and partly in the other, of two movable arms, pivoted one above the other, called, respectively, the "transmitter" and the "transmitted arm." The coin, if of the right diameter, is suspended between one end of the slit and a ledge, or stationary support, at the other end; but, if it is of too small diameter, it will fall through, and be inefficacious. If it is of the proper diameter, a pull upon the transmitter pushes it against the coin, which is thus brought into contact with the transmitted arm, and in turn pushes it so that the mechanism for delivery is operated.

The two claims which are said to have been infringed are as follows:

"(1) In a mechanism for transmitting motion by means of a coin, d, of determinate size, the combination of the movable coin-grasping arms having a coin-receiving slot or slit, through the medium of a coin hold, in which slot or slit motion can be transmitted from one to the other of said arms, with the stationary ledge, c, bounding one end of said slot or slit, the arrangement being such that the coin, when dropped edgewise into the slot or slit, will be suspended in that position between one end of the slot and the stationary ledge, c, at the opposite end, substantially as and for the purposes hereinbefore set forth."

"(3) The combination, with the coin-guiding tube, k, and the mechanism for delivering a determinate supply of any ware, of the movable coin-grasping arms, having a coin-receiving slot and the stationary ledge, c, between which and the opposite end of the slot the coin is suspended in edgewise position; that one of the movable arms to which movement is transmitted through the coin being connected to, and adapted to operate, the said delivering mechanism, substantially as and for the purposes hereinbefore set forth."

In the defendant's machine, two slides, not pivoted, but sliding one above the other, and disconnected from each other, until they are locked or wedged together by a coin of the proper size, correspond to the transmitter and the transmitted arm, and are called the "actuating" and the "delivery" slide. The coin is dropped through a slit, and rests upon two stationary, downwardly beveled lugs, one on each side of the frame, and below the center of the coin, which is prevented from falling by the fact that its upper edge rests in the slit through which it was dropped, midway between the ends of the slit. When the actuating slide is pulled out, a horn which projects from its

under side pushes against the center of the back face of the coin, and presses it forward so that the lower part of its front face is held against an upward projection of the delivery slide. As the two slides are thus fastened together, the movement of the actuating slide communicates motion to the delivery slide.

The question of infringement is the important one in the case, and can be answered by determining whether the defendant's machine is outside the self-imposed boundaries of the claims. Prior to Sielaff's invention, patents existed which described machines in which the coin was made to operate the mechanism for delivery, and in which the machine was intended to be operative only when supplied with a coin of the proper denomination. The complainant's expert says that the novelty of Sielaff's invention consisted in introducing means for the initial measurement of the diameter of the coin between the solid support and the end of the slot, so that a coin of too small diameter should be dropped out of the operative position; and he finds the defendant's means of initial measurement in the space bounded by the two solid lugs, between which the coin rests, and by which it is supported in part. The specification said that the slot was in one, or partly in one and partly in the other, of the coin-grasping arms; and the claim requires that the coin should be suspended edgewise between one end of the slot and the stationary ledge at the opposite end, whereas the defendant's slot is a space below the slit through which it is dropped, and is bounded by two stationary lugs. The description of the patented machine shows that the slot was to be created by means of a movable arm, and that the means for grasping and retaining a coin of the proper diameter were to be a stationary ledge at one end of the slot, and the other end of the slot which was a part of a moving arm. It is a strain upon language to call the space into which the coin falls the "slot" of the patent, and to say that it is the coin-receiving slot which the coin-grasping arms of the patent were to have. But, in order to make the two mechanisms patentably alike, the strain upon the language of the claims is necessary, because the coin-grasping and coin-moving mechanism of the patent is very simple, while the defendant's corresponding mechanism is complex. Moreover, it was apparently made complex, so as to have a coin-grasping set of devices which do their work in a way different from that of their predecessors.

The decree of the circuit court is affirmed, with costs.